[S. F. No. 793.   Department Two.—February 20, 1901.]

W. B. HELLINGS et al., Appellants, v. HENRIETTA DU-VALL et al., Respondents.

APPEAL—REVIEW OF ORDER UPON MOTION TO DISMISS.—Where a motion to dismiss an appeal has been disposed of by dismissing it as to one respondent and denying it as to another, it would be improper for the court again to reconsider it upon the final hearing of the appeal.

ACTION FOR SLANDER UPON TITLE—TITLE INCIDENTALLY INVOLVED—FAILURE OF EVIDENCE.—In an action for slander upon plaintiff's title to real estate, his title is incidentally involved, and upon his failure to produce any evidence upon issue joined by the defendant, plaintiff's title ceases to be in any way involved.

ID.—ANSWER—PLEA OF DEFENDANT'S TITLE—SURPLUSAGE—ERRONEOUS ADJUDICATION—APPEAL.—A plea of defendant's title in an answer joining issue upon the allegations of the complaint, and praying judgment for costs and that plaintiff take nothing, is of matter of surplusage, not involved in the action or defense, and upon failure of evidence for the plaintiff, an adjudication of title in the defendant is erroneous, and upon plaintiff's appeal the judgment will be modified by striking out such adjudication.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   James M. Troutt, Judge.

---

[1] 80 Am. St. Rep.

The facts are stated in the opinion.

T. M. Osmont, and Charles H. Hubbs, for Appellants.

Henry S. Foote, James L. Crittenden, and Sidney M. Van Wyck, Jr., for Respondents.

SMITH, C.—Action for slander of plaintiffs' title to certain real estate. The complaint, besides stating in detail the facts constituting the slander, alleges the plaintiffs' ownership of the property described. The answer of defendant Duvall denies all the allegations of the complaint and alleges ownership in her. The prayer of the answer is for costs and that plaintiff "take nothing by reason of his complaint." On the trial no evidence was offered on behalf of the plaintiffs. The judgment, besides granting the relief demanded, further adjudges that the plaintiffs are not, and that the defendant Duvall is, the owner of the lands described in the complaint and judgment.

There was a motion to dismiss the appeal on the ground of the omission of certain parts of the judgment-roll from the transcript, including the answer of defendant Crittenden; and the motion coming on to be heard, the appeal was dismissed June 7, 1897, as to that defendant, and on December 8th of the same year the motion denied as to the other respondent. This disposes of the motion to dismiss the appeal, and it would be improper for us to reconsider it. (Code Civ. Proc., sec. 182.)

The appellants seek by this appeal to have the judgment modified by omitting the adjudication as to the land, and we have no doubt they are entitled to this relief. The plaintiffs' title was only incidentally involved in the action, and on their failing to offer any evidence ceased to be in any way involved. The defendant Duvall's title was not involved either in the action or defense, and the allegations of her answer on that point were surplusage. The adjudication of title in her favor was beyond the scope of the action or defense, and therefore erroneous. The defendant Crittenden is in no way interested in this question, and the dismissal of the appeal as to him does not affect it.

We advise that the judgment be modified by striking therefrom the third, fourth, and fifth paragraphs thereof, the first-

named paragraph commencing with the words, "Good cause therefor appearing, it is ordered, adjudged," etc., and the last ending with the words, "Forty-five feet to the point of commencement"; and, as thus modified, that the judgment be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by striking therefrom the third, fourth, and fifth paragraphs thereof, the first-named paragraph commencing with the words, "Good. cause therefor appearing, it is ordered, adjudged," etc., and the last ending with the words, "Forty-five feet to the point of commencement"; and as thus modified the judgment is affirmed.

McFarland, J., Temple, J., Henshaw, J.